IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:02CV175 |
| .30 ACRE TRACT OF LAND, MORE OR LESS, LOCATED AT 524 CHEEK ROAD, RAMSEUR, COLUMBIA TOWNSHIP, RANDOLPH COUNTY, NORTH CAROLINA, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

TILLEY, Chief Judge

This suit arises from a civil forfeiture action brought by Plaintiff United States of America ("Plaintiff" or "Government") against Defendant real property located at 524 Cheek Road, Ramseur, Columbia Township, Randolph County, North Carolina, with all appurtenances and improvements thereon ("Defendant property"). Claimant JoAnn Glover Isley ("Ms. Isley") has made a claim of interest in the Defendant property. This case is currently before the Court on Plaintiff's Motion for Summary Judgment [Doc. #14]. Ms. Isley has not filed a response to Plaintiff's motion. For the reasons set forth below, Plaintiff's Motion for Summary Judgment will be GRANTED.

I.

The Government instituted this proceeding on March 7, 2002 [Doc. #1], contending the property was used or intended to be used to commit or facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et. seq.*, specifically, 21 U.S.C. § 801(a)(7). Emmanuel Ree and JoAnn Glover Isley are the record owners of Defendant property. On May 21, 2002, Ms. Isley filed a Claim of Interest in Defendant property [Doc. #7], however, to date Ms. Isley has not filed an answer to the Government's Complaint. On August 1, 2005, the Government filed a Motion for Summary Judgment [Doc. #14]. In support of its motion, the Government provided the following: (1) Declaration of Sharon McNeill, and (2) Declaration of Christopher M. Griffin, Special Agent with the Internal Revenue Service. (Govt. Mem. Supp. Summ. J., Ex. A & B.) To date, Ms. Isley has filed no response to this motion nor submitted any evidence to the Court.

Based on the evidence, the following facts are uncontradicted: Mr. and Mrs. Isley are the record owners of the Defendant property. (Compl., Ex. A-1.) Ms. Isley runs a nursing home, "Isley Family Care," out of this residence. Mr. and Mrs. Isley and their nursing home have been the subject of an investigation by the Randolph County Sheriff's Office (RCSO) Vice and Narcotics Unit for illegal narcotic activities since 1992. Mr. Isley was first arrested on January 28, 1999 when a Search Warrant executed at 524 Cheek Road lead to the seizure of 15.2 grams of cocaine. Mr. Isley plead guilty to Felony Possession of Cocaine. On

2

October 19, 2000, a Search Warrant was again executed at 524 Cheek Road resulting in the seizure of 7.5 grams of cocaine and a set of hand-held scales. Mr. Isley was again charged with Felony Possession of Cocaine and Possession With Intent to Sell or Deliver Cocaine.

Beginning in 2001, detectives with the RCSO Vice and Narcotics Unit interviewed several confidential informants about the activities of the Isleys. One of the informants, Sharon C. McNeill, was first interviewed on May 15, 2001. Ms. McNeill has known the Isleys for more than 10 years and occasionally worked at the Isleys' nursing home between 1998 and 2001. While Ms. McNeill worked at the nursing home she saw clients of the nursing home sell cocaine for Mr. Isley. Additionally, she observed the Isleys supply people living in the home with cocaine and alcohol in exchange for the endorsement of their monthly government check to the Isleys.

Ms. McNeill has also visited the Isleys' house on numerous occasions to purchase crack cocaine from the Isleys. Ms. Isley has also placed orders for stolen items with Ms. McNeill. Once Ms. McNeill obtains the items and delivers them, Ms. Isley pays her with crack cocaine. Ms. McNeill also stated that other people steal larger items, such as furniture and air compressors, and give them to Mr. Isley in exchange for crack cocaine.

On May 1, 2001, Ms. McNeill went to the Isley residence and purchased .5 grams of crack cocaine from Mr. Isley. This transaction, which was electronically

monitored and recorded by the RCSO Vice and Narcotics Unit, took place in Ms. Isley's presence.  On May 15, 2001, Ms. Isley ordered two dresses, a pair of shoes and two pairs of pants from Ms. McNeill.  Two days later, Ms. McNeill took the items, which had been purchased and marked for identification by RCSO detectives, to the Isley residence.  Ms. Isley kept one of the dresses and the shoes and then opened a pill bottle and poured some rocks of crack cocaine into her hand.  Ms. McNeill chose a rock which was .1 gram in size.  Later that day Ms. McNeill returned to the Isley residence and paid $60 for three rocks of crack cocaine which she took out of Ms. Isley's hand.  This cocaine weighed .3 grams.  Both transactions on May 17, 2001 were electronically monitored and recorded.

Ms. McNeill returned to the Isley residence on May 31, 2001 and purchased .6 grams of crack cocaine.  She paid $100 and received the crack cocaine from Ms. Isley.  On June 6, 2001, Ms. McNeill purchased .2 grams of crack cocaine from Mr. Isley for $60 while Ms. Isley was also present at the residence.  Both purchases were electronically monitored and recorded.

Ms. McNeill also stated that the Isleys had made substantial improvements to their residence at 524 Cheek Road – including remodeling the entire house, remodeling a building on the property, construction of a tool shed, addition of a three-bay garage, a new roof, addition to the nursing home part of the house, installation of a gas heating system, and new carpeting.  She believed these improvements were made with the money the Isleys received from the sale of

4

cocaine. Ms. McNeill had no knowledge of any additional source of income for either Mr. and Ms. Isley outside of the nursing home and their drug dealing.

On June 27, 2003, another search warrant was executed at 524 Cheek Road.[1] During the search, drugs were located inside the residence. Ms. Isley pled Guilty to Possession with Intent to Sell or Deliver Cocaine in Randolph County Superior Court on November 18, 2003.

Finally, on March 8, 2005, Ms. Isley pled No Contest to Possession of Drug Paraphernalia in District Court in Asheboro, North Carolina following the execution of a search warrant at 524 Cheek Road on January 23, 2004. During this search, RCSO approached Mr. and Ms. Isley in an outbuilding where they were located with several other people. The detectives found an off-white substance in and on a burning wood stove and several pieces of an off-white substance melting in the stove. The detectives also found a razor blade with cocaine residue on it in the Isleys' residence. Both Mr. and Ms. Isley were arrested on charges of Possession with Intent to Sell or Deliver Cocaine and Maintaining a Dwelling for the purpose of selling cocaine. Ms. Isley received a sentence of forty-five days incarceration and

---

[1] According to the Government's pleadings and Mr. Griffin's affidavit, another search warrant was executed in the interim on March 8, 2002 resulting in the following charges against both Mr. and Ms. Isley: Conspiracy Possession with Intent to Sell or Deliver Cocaine; Selling and Delivering Cocaine; Conspiracy to Distribute a Controlled Substance; and Maintaining a Dwelling. However, because the pleadings filed by the Government are unclear on the disposition of these charges, they will not be taken into account for the purpose of evaluating this motion.

5

18 months supervised probation.

Based on these alleged facts, the United States filed this civil forfeiture action against Defendant property on March 7, 2002 [Doc. #1]. Ms. Isley, through her attorney filed a claim contesting the forfeiture [Doc. #7] on May 21, 2002. On August 1, 2005, a Motion for Summary Judgment [Doc. #14] was filed by the Government. Ms. Isley did not respond to the Motion for Summary Judgment.[2]

II.

The Government seeks summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Summary judgment under Rule 56 is generally appropriate only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those facts identified by the controlling law as essential elements of the claims asserted by the parties. Thus, the materiality of a fact depends on whether the existence of that fact could cause a jury to reach a different outcome. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); Cox v. County of Prince William, 249 F.3d 295, 299 (4th Cir. 2001). A genuine issue of material fact exists where there is evidence, viewed in the light most favorable to the non-moving party, such that a reasonable jury could find in favor of the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87,

---

[2] The Clerk of Court sent a letter to Ms. Isley's attorney, Mr. Richard G. Roose, on September 22, 2005 notifying him that no response had been filed to Plaintiff's Motion for Summary Judgment [Docs. #16 &17].

6

106 S. Ct. 1348 (1986). There is no genuine issue of material fact if the nonmoving party fails to make a showing on an essential element of its case such that a reasonable jury could find in its favor. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986) ("One of the primary purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

III.

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government bears the initial burden of establishing, by a preponderance of the evidence, that Defendant property is forfeitable.[3] 18 U.S.C. § 983; 114 Stat. 202 (2000); United States v. Mondragon, 313 F.3d 862, 865 (4th Cir. 2002). In this case, the Government contends Defendant property is forfeitable under 21 U.S.C.

---

[3] The Civil Asset Forfeiture Reform Act was passed in 2000 and materially altered the burden of proof in all civil forfeiture cases commenced on or after August 23, 2000. See United States v. $10,000.00 in U.S. Currency, 348 F. Supp. 2d 612, 616 n.1 (M.D.N.C. 2004) (citing United States v. $80,180.00 in U.S. Currency, 303 F.3d 1182 (9th Cir. 2002)). Because this civil forfeiture proceeding was commenced in 2002, CAFRA applies. Id. However, the only difference between pre-CAFRA and post-CAFRA case law in the Fourth Circuit is the government's heightened burden of proof; the government must now establish that property is subject to forfeiture by a preponderance of the evidence and not just a showing of probable cause. See United States v. One 1998 Tractor, 288 F. Supp. 2d 710, 713 (W.D. Va. 2003). Additionally, the United States is no longer permitted to rely on hearsay evidence to meet its burden. See United States v. One 1991 Chevrolet Corvette, 390 F. Supp. 2d 1059, 1065-66 (S.D. Ala. 2005); United States v. Six Negotiable Checks in Various Denominations Totaling $191,671.69, 207 F. Supp. 2d 677, 683 (E.D. Mich. 2002) ("[T]his elevated standard seemingly precludes any reliance on hearsay, as the Government could have done in a pre-CAFRA case.")

7

§ 881(a)(7) because it was used to facilitate illegal drug dealings.[4] To establish this claim, the Government must show that there was a "substantial connection" between the offense of illegal drug dealing and the Defendant property. 18 U.S.C. § 983(c)(3); United States v. One 1998 Tractor, 288 F. Supp. 2d 710, 713 (W.D. Va. 2003); see also United States v. One Parcel of Property Located at 5535 Lee Road 66, 2005 WL 2046250, at *4 (M.D. Ala. 2005) (applying CAFRA and finding that substantial connection existed between 116 marijuana plants and defendant parcel because claimant grew the marijuana on the parcel).

In this case, the Government has provided ample evidence that a substantial connection existed between the offense giving rise to this forfeiture action, the Isleys' drug dealing activities, and the Defendant property. The Government's evidence shows that the Isleys have been the subject of an ongoing drug investigation since 1999. RCSO officers executed search warrants at the Defendant property on at least 4 separate occasions resulting in the seizure of either drugs, drug paraphernalia, or both on each occasion. Mr. and Ms. Isley have pled guilty to drug-related crimes occurring on the property, both before and after

---

[4] Title 21 U.S.C. § 881(a)(7) provides in pertinent part:
(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
. . . .
(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

8

this forfeiture action was instituted. Additionally, according to Ms. McNeill, clients of the nursing home sold cocaine for Mr. Isley and others who lived in the nursing home were supplied with cocaine and alcohol by the Isleys. Finally, Ms. McNeill stated that improvements were made to Defendant property with money obtained from the sale of cocaine. Based on this evidence, even construing all ambiguities in favor of the claimant, Ms. Isley, the Government has shown by a preponderance of the evidence that the Defendant property was substantially connected with the Isleys' illegal drug activity.

Once the Government makes this showing, the burden then shifts to the claimant to establish by a preponderance of the evidence that the Defendant property is not subject to forfeiture. Id. A claimant may raise an "innocent owner" defense by proving (1) no knowledge of the conduct giving rise to the forfeiture; or (2) that upon learning of the conduct giving rise to the forfeiture, the claimant did all that reasonably could be expected under the circumstances to terminate such use of the property. See 18 U.S.C. § 983 (d)(1). This defense, however, must be proven by a preponderance of the evidence. See id.; United States v. One Parcel of Property Located at 2526 Faxon Ave., 145 F. Supp. 2d 942, 950-51 (W.D. Tenn. 2001).

Ms. Isley, however, has failed to set forth *any* facts to rebut the Government's showing that Defendant property was subject to forfeiture. Although it is unclear from the claim of interest – which has been the only

9

document filed by Ms. Isley throughout this entire proceeding – whether she is claiming she was an "innocent owner," Ms. Isley has failed to establish any facts that support such a defense. In fact, there is ample evidence Ms. Isley not only knew cocaine was being sold at her residence by her husband, but also that she participated in this activity. Additionally, there has been no showing Ms. Isley took action to stop or thwart this activity from being conducted at her residence. Because Ms. Isley has not denied the Government's evidence, nor provided any of her own, she has failed to establish any facts sufficient to create an issue for trial. See $10,000.00 in U.S. Currency, 348 F. Supp. 2d at 617 (finding claimant's general denials were insufficient to survive summary judgment when the claimant provided no evidence to establish a legitimate source for the funds or explain why the currency was stored in a locked safe with the illegal drugs) (citing United States v. Two Parcels of Real Property Located in Russell County, 92 F.3d 1123, 1129 (11th Cir. 1996) (allowing Government's Motion for Summary Judgment where "[t]he claimants filed no response to the Government's motion, and the bare bones affidavit concerning the loan of cash from a friend is insufficient to create an issue of fact on that defense")). Thus, the Government has established that it is entitled to a judgment of forfeiture against Defendant property located at 524 Cheek Road, Ramseur, Columbia Township, Randolph County, North Carolina.

IV.

For the foregoing reasons, Plaintiff United States' Motion for Summary

10

Judgment [Doc. #14] will be GRANTED.

This the day of April 7, 2006

                                                   /s/ N. Carlton Tilley, Jr.
                                                   United States District Judge

11

Case 1:02-cv-00175-NCT-RAE   Document 17   Filed 04/10/06   Page 11 of 11